Filed 11/21/25  P. v. Wilson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102173 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE018524) |
| v. | |
| LENELL ROBERT WILSON, | |
| Defendant and Appellant. | |

Defendant Lenell Robert Wilson was resentenced pursuant to Penal Code[1] section 1172.75.  After striking defendant's prior prison term enhancements, the trial court denied defendant's motion to dismiss a prior serious felony conviction enhancement.  On appeal, defendant contends the trial court abused its discretion by denying that motion.  We affirm.

---

[1]      Further undesignated section references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In 2017, defendant entered a home and grabbed the victim's purse from the kitchen counter.  Despite the victim pleading for the return of items in the purse, defendant walked towards the garage and then immediately turned back towards the kitchen to steal a second purse.  Defendant pled no contest to first degree robbery and admitted a prior strike, a prior serious felony conviction enhancement, and two prior prison term enhancements.  Defendant was initially sentenced to 15 years in prison—four years, doubled to eight years, for the robbery conviction; five years for the prior serious felony conviction enhancement; and two one-year terms for the prior prison term enhancements.

Defendant's prior strike and prior serious felony conviction enhancement were based on the same 2008 conviction for first degree burglary.  In that case, defendant entered the victim's garage and, in an attempt to steal the victim's purse, defendant punched the victim in the face.  Defendant's criminal history also includes a conviction for evading a police officer in 2003, receiving stolen property in 2009, and unauthorized possession of controlled substances in custody in 2013.

At defendant's section 1172.75 resentencing hearing in 2024, the trial court reviewed the parties' resentencing memoranda and supplemental materials.  The parties and the court agreed defendant's prior prison term enhancements must be stricken.  Defendant also requested the court dismiss the prior strike and the prior serious felony conviction enhancement.  The trial court did not believe defendant's case fell "outside the spirit of the three strikes law," due to defendant's history of theft-related crimes and continued violations of law.  "[I]n terms of the [prior serious felony conviction enhancement], the court recognize[d] that the enhancement was imposed for a conviction that . . . was more than five years old."  The trial court gave this fact great weight, but tentatively found "dismissal of this enhancement would endanger public safety."  In response to the trial court's tentative ruling, the defense argued, "The time frame to look

2

at whether there is an endangerment of public safety is when [defendant] gets released, either with or without the enhancement." The defense continued, "It's not about assurances. It's about whether there is a likelihood that [defendant] would endanger public safety. . . . The court has to make a determination on whether there's a likelihood [defendant] would."

The trial court noted its understanding of the standard was consistent with defendant's position. The trial court then stated, "The court is basing [the public safety] finding on the prior history of the burglaries and/or robberies and/or receiving stolen goods." The trial court weighed "the significant efforts [defendant] has made since being in prison." The trial court continued, "To the extent there has not been an actual physical injury to a victim, there has been the potential for it. There's certainly been the effect of traumatizing the victim in the current case." Accordingly, the trial court denied defendant's motion to dismiss his prior serious felony conviction enhancement, ultimately imposing a sentence of 13 years in prison.

Defendant appeals.

DISCUSSION

Defendant contends the trial court erroneously found dismissal of his prior serious felony conviction enhancement would endanger public safety and was not in the interest of justice. We disagree.

Defendants are entitled to resentencing under current law pursuant to section 1172.75 when the Department of Corrections and Rehabilitation identifies them as "serving a term for a judgment that includes" a qualifying prior prison term enhancement. (§ 1172.75, subd. (b); see § 1172.75, subds. (a), (c).) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) added subdivision (c) to section 1385, providing in relevant part that "the

3

court shall dismiss an enhancement if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1).) Section 1385, subdivision (c)(2) further provides: "[T]he court shall consider and afford great weight to evidence offered by the defendant to prove that" mitigating circumstances are present, which includes, as relevant here, whether an "enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(H).) A mitigating circumstance "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) " 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (*Ibid*.) "Based on the plain language of section 1385, subdivision (c)(2)," a trial court commits error if it considers only a defendant's current dangerousness, while disregarding a defendant's future dangerousness at the time of potential release if the enhancement is dismissed. (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 230-231.)

We review the trial court's determination under section 1385, subdivision (c) for an abuse of discretion. (*People v. Gonzalez*, *supra*, 103 Cal.App.5th at p. 225.) " '[An] abuse of discretion arises if the trial court based its decision on impermissible factors . . . or on an incorrect legal standard.' " (*Ibid*.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) " ' "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 978.)

Defendant asserts the trial court used the incorrect standard for the section 1385, subdivision (c)(2) analysis by conducting a "washout [analysis] for purposes of a

*Romero*[2] motion," probing into whether defendant led a " ' "legally blameless life" since the' . . . prior conviction," instead of assessing defendant's future dangerousness. (Some italics omitted, quoting *People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 [washing out "carries the connotation of a crime-free cleansing period of rehabilitation after" defendants have "the opportunity to reflect upon the error of [their] ways"].)

Defendant, however, acknowledges in a footnote "that the trial court also expressed a lot of other information specifically [as to] whether . . . dismissal would endanger public safety." Indeed, in addition to defendant's prior criminal conduct, the trial court weighed "the significant efforts [defendant] has made since being in prison." The trial court agreed with defendant's clarification of the proper standard under section 1385, subdivision (c)(2) to assess future dangerousness, especially at the time of defendant's potential release and reaffirmed its finding dismissal of the enhancement would endanger public safety. Accordingly, the record supports the conclusion the trial court weighed the facts in light of whether there was " 'a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others' " as required by section 1385, subdivision (c)(2). (*People v. Gonzalez*, *supra*, 103 Cal.App.5th at p. 228.)

Defendant also asserts the trial court erred in its ultimate conclusion dismissal was not in the interest of justice because it found " 'there's the potential,' " as opposed to a likelihood (§ 1385, subd. (c)(2)), that defendant would endanger public safety in the future. Defendant contends, "The *potential* for physical injury to a victim is woefully insufficient to neutralize the mitigating circumstances."

But the trial court did not weigh only defendant's potential for future dangerousness, as defendant claims, when determining whether to dismiss the prior

---

**2**        (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.)

5

prison term enhancement in the interest of justice. The trial court recognized the prior serious felony conviction enhancement "was imposed for a conviction that, at the time of sentencing, was more than five years old." The trial court reviewed the parties' briefs, heard argument from counsel and defendant, and took into consideration defendant's service as a firefighter and repeated commission of similar crimes, as well as his conduct while in custody.

Given the trial court's considerations and defendant's criminal history of similar crimes threatening violence, and the application of the correct standard incorporating future dangerousness, we cannot say the trial court's decision was so "irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377; see *People v. Walker* (2024) 16 Cal.5th 1024, 1033 [" 'if the trial court finds that dismissal of an enhancement would endanger public safety, then it is hard to see how dismissal would further the interests of justice,' notwithstanding the applicability of any mitigating factors identified in [§ 1385,] subdivision (c)(2)"].) Accordingly, there was no abuse of discretion.

DISPOSITION

The judgment is affirmed.

/s/
ROBIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
BOULWARE EURIE, J.